*252 Chief TusTiCE delivered the following opinion Qf. t^caaxt -.-This ™ aCti°n ⅞⅜ fought on a bond, given by W. Bm>>a jmd, ^.\A‘ * J., Chinn,"administrator of Chinn’ The *253 ffants pleaded payment; and at a subsequent term, with leave of the court, pleaded as a set-off to the plaintiff’s demand, an open account and sundry notes, alleged by the plea, to be due from the intestate, at the time of his death, to the defendant, W. Burton ; of a larger amount than the plaintiff’s demand ; and they pray judgment in their plea, for the balance ; to be satisfied out of the estate of the intestate, in the plaintiff’s hands to be ach ministered. To this the plaintiff demurred, and the defendants joined in demurrer. The circuit court sustained the demurrer, and adjudged the plea ill.
Wickliffe, for the plaintiff; Clay, for the defendant.
The errors assigned, called in question the propriety ¡of that decision.
The circuit court seem to have gone upon the ground, that the plea was pleaded too late; which, after they had given leave to the defendants to plead, was surely no ground for deciding against the plea upon demurrer, If, when the defendants asked leave to plead an additional plea, the court had thought it too late, they ought to have refused to grant leave.
But, although we cannot approve the reasons which seem to have governed the circuit court, yet we are of opinion, their decision in sustaining the demurrer, and adjudging the plea ill, was warranted by law, and must be sustained. The open account, and the notes due from the intestate, at the time of his death, could not, under the act of assembly regulating sets-off, be pleaded or given in evidence, as a set-off, in this action, brought on a bond, given by the defendants therein to the plaintiff himself, as administrator.-Judgment affirmed.